UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

_____

In re

Randall and Dawn Pelletier

                 Debtors

_____

Randall and Dawn Pelletier

                 Plaintiffs,

v.

U.S. Bank National Association, et al.

                 Defendants.

_____

Case No. 11-10938
Chapter 13

Adv. Pro. No. 11-01135-LHK

MEMORANDUM OF DECISION

In this adversary proceeding Plaintiffs/Debtors seek a determination of the validity of Defendant US Bank's secured claim   Plaintiffs and U.S. Bank have filed competing motions for summary judgment.   As there are no disputed issues of material fact, summary judgment will enter for U.S. Bank and against Plaintiffs.   This memorandum contains my findings of fact and conclusions of law.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."   Fed. R. Civ. P. 56(c)(applicable by virtue of Fed. R. Bank. P. 7056); see also Rosenberg v. City of Everett, 328 F.3d 12, 17 (1st Cir. 2003).

> The role of summary judgment is to look behind the facade erected by the pleadings and assay the parties' proof in order to determine whether a trial will serve any useful purpose. Conventional summary judgment practice requires the moving party to assert the absence of a genuine issue of material fact and then support that assertion by affidavits, admissions, or other materials of evidentiary quality. Once the movant has done its part, the burden shifts to the summary judgment target to demonstrate that a trialworthy issue exists. . . .
>
> In conducting this tamisage, the . . . court must scrutinize the record in the light most flattering to the party opposing the motion, indulging all reasonable inferences in that party's favor. This standard is notoriously liberal--but its liberality does not relieve the nonmovant of the burden of producing specific facts sufficient to deflect the swing of the summary judgment scythe.

Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003) (internal citations omitted).

Plaintiffs, in connection with a refinancing of their home mortgage in 2006, signed a note and mortgage, originally in favor of Aegis Lending Corp. The note and mortgage are now held by US Bank. Following the Plaintiffs' bankruptcy filing, US Bank filed a timely secured proof of claim in the amount of $140,128.26. The Plaintiffs assert that US Bank is not the proper holder of the note and mortgage because (1) the Bank's proof of claim contains no evidence that an allonge to the note was firmly affixed to the note; and (2) the proof of claim does not establish ownership of the note in accordance with a pooling and service agreement.

Pursuant to Fed. R. Bankr. P. 3001(f), "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Here, US Bank's proof of claim was properly filed. Attached to its proof of claim were copies of the note, mortgage, allonge and assignment documents. The Bank also provided evidence in its summary judgment motion that it is the holder of the claim. Thus, in accordance with both Rule 3001 and summary judgment practice, it was Plaintiffs' responsibility to come forward with evidence that the Bank's claim should be disallowed. The Plaintiffs produced an affidavit of their attorney. That affidavit indicates that the Plaintiffs' attorney reviewed what she refers to as

the Plaintiffs' "collateral file" which the Court understands to mean the Bank's loan file. The affidavit states that the note was loose in the file, and contained two-hole punches and staple marks on each page. It also states that the allonge did not have two-hole punches or staple marks, and was loose. The inference the Plaintiffs would like me to draw is that when the allonge was executed, it was not affixed to the note. Plaintiffs contend that under New Hampshire law, if the allonge was not firmly affixed to the note, it is ineffective. Since the allonge was an endorsement of the note, Plaintiffs argue that the Bank is not the proper holder of the note. They also argue that the Bank has not established ownership of the note in accordance with a pooling and service agreement. Plaintiffs are not parties to the pooling and service agreement, and they may not use that agreement as evidence that the Bank either is or is not the note holder. More importantly, neither of these arguments can prevail. In resolution of a motion for relief from stay filed by US Bank in the main case, the Plaintiffs and US Bank executed a stipulation agreeing, among other things, that US Bank is the holder of the note and mortgage. Judicial estoppel bars Plaintiffs from asserting a contrary position. See Patriot Cinemas, Inc. v. General Cinemas Corp., 834 F.2d 208, 212 (1st Cir. 1987).

Because the Bank has produced evidence that it is the holder of the note and mortgage, and the Plaintiffs have not - in light of their stipulation - produced contrary evidence, I conclude that no question of material fact has been raised. Summary judgment will enter in favor of the Bank and against the Plaintiffs. A separate judgment will issue.

December 21, 2012

/s/ Louis H. Kornreich
Louis H. Kornreich
Bankruptcy Judge
Sitting by designation

3